**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

---------------------------------------X
UNITED STATES OF AMERICA              :
                                      : Case No.: 5:16-CR-0062
            Plaintiff,                : (DCR) (REW)
      v.                              :
                                      :
DERIC LOSTUTTER,                      : **DECLARATION OF**
                                      : **FREDERIC B. JENNINGS**
            Defendant.                :
                                      :
                                      :
                                      :
---------------------------------------X

    I, Frederic B. Jennings, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.    I am an attorney at the firm Tor Ekeland, PC, located at 195 Plymouth Street, Fifth Floor, Brooklyn, New York 11201, and I represent the defendant Deric Lostutter in this case. Our firm regularly represents defendants in federal computer crime cases involving complex, voluminous, and technical digital discovery.

2.    Among my duties at the firm, I manage our digital evidence and forensic analysis, and, if necessary, coordinate work with outside contractors and expert witnesses regarding digital forensics.

3.    Prior to this case, I have worked on several federal criminal cases involving highly technical review of voluminous digital discovery, and have over ten years of background and experience with digital forensic analysis, computer security, and related skills. This includes

academic and professional experience with cryptography, systems design, systems administration, data archiving, and file recovery.

4. I am managing the discovery in this case for our law firm.

5. As described in the motion, we have received approximately 55 gigabytes of initial discovery production from the Government, which extensively references disk images stored at an FBI office in Cincinnati, Ohio.

6. This initial production from the Government included a 30-page hardcopy discovery summary.[1] It is a helpful reference, but cannot provide the degree of detail that the disk images, and the files therein, will reveal.

7. After phone and email exchanges with FBI Special Agent Daniel Kilbourne, we learned that the disk images they can provide are about 5 terabytes in total size. We anticipate receiving those images in the next week or so.

8. Under the best conditions, thorough review of approximately 5 terabytes of digital evidence will take significant time to complete. Some of the more time-consuming tasks required include:

    a. Setup of a secure testing environment for this matter;

    b. Receipt, intake, and process of disk images;

    c. Review chain of custody documents for errors, inconsistencies, and omissions;

    d. Compare chain of custody documents to file metadata and check for technical errors or inconsistencies;

    e. Determine which forensic tests must be performed;

---

[1] As this summary is potentially subject to the current protective order, Defense Counsel will produce it under seal upon the Court's request.

      f.    Search each disk image for files to review against the initial production documents, and assure consistency, accuracy, and completeness;

      g.    Search each disk image for key terms, documents, files, names, and phrases;

      h.    Compile results of the above tests and searches into forensic reports.

9.      In a case with this volume of digital evidence, the above tasks can take months, even when all processes run smoothly. That timeframe can significantly vary depending on the type of disk format(s)[2] involved, the methods by which they have been imaged by law enforcement, and by the amount of key terms that must be searched.

10.    Other tasks may become necessary throughout the above process. Their time requirements may vary from a few minutes to a few days. For example:

      a.    Design and script search tools for review of key terms, documents, files, names, and phrases, and update or modify those search scripts as needed or as new key terms are discovered;

      b.    Design and run forensic tests, as necessary; and

      c.    Build, purchase, or customize forensic tools that may be needed to review particular disk formats or file types.[3]

11.    Some of the above tasks can be automated or semi-automated. However, even automated tools must be configured on a case-by-case basis. Not only do search terms vary, but relevant file types and disk image formats can require adjusting or rewriting search tools.

12.    I will be performing the majority of this work myself. Our firm consists of five attorneys, including myself, and three office personnel.

---

[2] "Format" refers to the disk partition or filesystem (e.g. "FAT32 or NTFS are typical partitions on a Windows PC.")
[3] "File" or "file type" refers to the specific file format (e.g. ".txt, .doc, and .rtf are all text file types.")

13. Additional tasks may become necessary if there are types of evidence review that cannot be completed in-house, such as:

   a. Contacting outside service providers;

   b. Arranging protective orders and other confidentiality agreements with those provider(s);

   c. Duplicating and transporting data to provider(s);

   d. Discussing review with the provider(s);

   e. Receiving and reviewing results from the provider's review;

   f. Contracting, vetting, and preparing witnesses from the provider(s), if necessary; and

   g. Identifying, vetting, contracting, and preparing expert witnesses, if needed.

14. As this case also involves online accounts and data from those accounts, third-party subpoenas may be needed for account information, activity logs, and other data about those accounts. In past experiences, this process can be time-consuming due to the large volume of requests these account providers receive. Namely, Twitter and Google accounts are implicated in the initial production of discovery. Yahoo! and other online accounts may also be implicated. Defense Counsel anticipates the need to subpoena at least two online account providers. Even sent simultaneously, prior experience with subpoenaing this information from Google suggests it will likely take about three months to receive the required documents, assuming a cooperative respondent.

15. Once the above discovery and document productions are complete, time-intensive review will be necessary to analyze search results and forensic tests in reports, and to outline and prepare pretrial motions based on that review.

|  |  |
|---|---|
| Executed on: September 30, 2016 | */s/Frederic B. Jennings* |
|  | Frederic B. Jennings |
|  | Tor Ekeland, P.C. |
|  | 195 Plymouth Street, 5th Floor |
|  | Brooklyn, NY 11201 |
|  | fred@torekeland.com |
|  | tel:   (718) 737-7264 |
|  | fax:   (718) 504-5417 |
|  | www.torekeland.com |

*Counsel for Defendant Deric Lostutter*