Eastern District of Kentucky
**FILED**
NOV 2 3 2016
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:16-62-DCR-REW

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                    **PLEA AGREEMENT**

DERIC LOSTUTTER                                              DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), Defendant will enter a guilty plea to Counts 1 and 4 of the Indictment, charging violations of 18 U.S.C. § 371 and 18 U.S.C. § 1001(a)(2). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3.

2. Defendant admits the elements of 18 U.S.C. § 371, Conspiracy:

    (a) Two or more persons conspired, or agreed, to commit the felony crime of accessing a computer and obtaining information, in violation of 18 U.S.C. § 1030(a)(2)(C) and 18 U.S.C. § 1030(c)(2)(B)(ii);

    (b) Defendant knowingly and voluntarily joined the conspiracy; and

    (c) A member of the conspiracy did at least one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

3. Defendant admits the elements of 18 U.S.C. § 1001(a)(2), False Statement:

    (a) Defendant made a statement;

    (b) The statement was false, fictitious, or fraudulent;

    (c) The statement was material;

    (d) Defendant acted knowingly and willfully; and

    (e) The statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

4. As to Counts 1 and 4, Defendant admits the following facts which the United States could prove beyond a reasonable doubt to establish the elements of the offenses:

    (a) In December 2012, Defendant resided in Clark County, in the Eastern District of Kentucky, and used the online identity "KYAnonymous." Defendant sent messages to Noah McHugh, who used the online identity "JustBatCat," with a national news article and information about the August 2012 arrest of two Steubenville High School students for raping another high school student in Steubenville, Ohio.

    (b) On or about December 21, 2012, Defendant sent McHugh a message asking McHugh to work with him as part of a computer hack to draw attention to themselves and the August 2012 rape in Steubenville, Ohio.

    (c) On or about December 21, 2012, Defendant and McHugh agreed to computer hack a private individual's fan website dedicated to Steubenville High School athletics, so that they could post a message on that website to bring attention to the August 2012 rape, harass and intimidate people, and gain notoriety and publicity for their online identities. Defendant sent McHugh messages directing McHugh to gain access to Victim 1's website. With Defendant's knowledge, McHugh created an account on a virtual private networking service to anonymize Internet activity.

    (d) On or about December 23, 2012, Defendant and McHugh gained unauthorized access to the email account of Victim 1 and obtained the personal information in Victim 1's email account, including Victim 1's emails and private pictures belonging to other Victims. McHugh thereafter publicly posted these emails on Victim 1's website with Defendant's knowledge.

    (e) On or about December 23, 2012, Defendant and McHugh gained unauthorized access to the password-protected account management page of Victim 1's website, and changed the administrator password for Victim 1's website. Defendant thereafter accessed this account without authorization and changed the username and password for Victim 1's

website to prevent Victim 1 from regaining control of the website, and sent McHugh a message with that new username and password.

(f) On or about December 23, 2012, Defendant filmed a video of himself in a mask and wrote a manifesto in which he admitted accessing Victim 1's email account and website account management page, issued threats that he would disclose the personal identifying information of Steubenville High School students, and falsely claimed that Victim 1 was a child pornographer and directed a "rape crew." McHugh publicly posted this video, manifesto, and Victim 1's private emails on Victim 1's website at Defendant's instruction.

(g) On or about December 23, 2012, Defendant sent McHugh a message instructing McHugh to delete evidence of his access to the password-protected account management page of Victim 1's website, to avoid detection of their actual identities.

(h) On or about December 24, 2012, Defendant and McHugh redirected the fan website to a different Internet host in a foreign country, so that the administrator of the fan website could not regain control of the fan website.

(i) In or about and between December 2012 and January 2013, Defendant and McHugh exchanged messages discussing the illegality of their actions, additional computer hacks, and how to promote publicity for the computer hack and their online identities.

(j) On or about April 16, 2013, Defendant knowingly and willfully made false statements to agents of the Federal Bureau of Investigation by stating he had not written the manifesto posted to Victim 1's website, that he had not accessed the password-protected account management page of Victim 1's website, and that he had not changed the administrator password for Victim 1's website.

5. The statutory punishment for Counts 1 and 4 is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A special assessment of $100 applies for each count, and Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2B.1(a)(2), the base offense level is 6.

    (c) Pursuant to U.S.S.G. § 2B1.1(b)(10)(C), increase the offense level by 6 levels because the offense involved sophisticated means and Defendant intentionally engaged in and caused the conduct constituting sophisticated means.

    (d) Pursuant to U.S.S.G. § 2B1.1(b)(17), increase the offense level by 2 levels because the offense involved an intent to obtain, and the unauthorized public dissemination of, personal information.

    (e) Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 for use of a special skill.

    (f) Pursuant to U.S.S.G. § 3C1.1, increase the offense level by 2 for obstructing or impeding the administration of justice.

    (g) Pursuant to U.S.S.G. § 3E1.1 and unless Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on Defendant's timely notice of intent to plead guilty.

7. No agreement exists about Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. Defendant waives the right to appeal the guilty plea and conviction. Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing Defendant on the current conditions for future court appearances if Defendant does not violate the terms of the order setting conditions of release.

11. Defendant will forfeit to the United States all interest in the property used or intended to be used to commit or to facilitate the commission of the offense, pursuant to 18 U.S.C. § 1030(i)(1)(A).

12. Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. Defendant authorizes the United States to obtain Defendant's credit reports at any time. Defendant

authorizes the U.S. District Court to release funds posted as security for Defendant's appearance bond in this case, if any, to be applied to satisfy Defendant's financial obligations contained in the judgment of the Court.

13. If Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and Defendant. The United States has not made any other promises to Defendant.

15. This Agreement does not bind any state or local prosecuting authorities.

16. Defendant and Defendant's attorney acknowledge that Defendant understands this Agreement, that Defendant's attorney has fully explained this Agreement to Defendant, and that Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 11.14.16    By: _____
Neeraj Gupta
Assistant United States Attorney

Date: 11/14/2016    _____
Deric Lostutter
Defendant

Date: 11/14/16	_____
	Tor Ekeland
	Attorney for Defendant

7