# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON
# CRIMINAL ACTION NO. 16-CR-62-DCR

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| DERIC LOSTUTTER | DEFENDANT |

## MOTION TO SUPPRESS ALLEGED STATEMENTS OF DEFENDANT ON SEPTEMBER 11, 2018

Defendant, by Counsel, moves to suppress all statements allegedly made by him to Probation Officer Nick Jones ("Officer Jones") during the September 11, 2018 mandatory probation meeting between Defendant and Officer Jones. Defendant, by counsel, states that the statements allegedly made were under questioning by a federal officer and then used to incriminate Defendant in violation of Defendant's Fifth Amendment rights.

## ARGUMENT

Defendant, by counsel, cites to the Ninth Circuit decision in *United States v. Saechao*, 418 F.3d 1073 (9th Cir. 2005), in support of his claim that his Fifth Amendment privilege against self-incrimination was violated by Officer Jones' September 11, 2018 questioning in the United States Probation Office. Defendant was not informed that he could have counsel present, nor told that any statements could be used against him. Defendant was not free to leave, instead, Officer Jones repeatedly directed Defendant during the two-and-a-half hour interview to wait in the

1

lobby in between discussing Defendant's alleged statements with his co-workers and/or superiors. "The defendant's constitutional rights have been violated if his revocation is based, in whole or in part, on an involuntary statements, regardless of its truth or falsity. This is so even if there is ample evidence aside from the statements to support the revocation.

> Both state and federal courts now adhere to trial procedures that seek to assure a reliable and clear-cut determination of the voluntariness of the confession offered at trial. Appellate review is exacting. Whether his conviction was in a federal or state court, the defendant may secure a post-conviction hearing based on the alleged involuntary character of his statements, provided he meets the procedural requirements." *Miranda v. Ariz.*, 384 U.S. 436, 439, 86 S. Ct. 1602, 1609, 16 L. Ed. 2d 694, 704, 1966 U.S. LEXIS 2817, *1, 10 Ohio Misc. 9, 36 Ohio Op. 2d 237, 10 A.L.R.3d 974."

The key to whether the Fifth Amendment is self-executing in probation cases lies in the following statement by the United States Supreme Court: If the state, either expressly or by implication, asserts that invocation of the privilege would lead to revocation of probation, it would have created the classic penalty situation, the failure to assert the privilege would be excused, and the probationer's answers would be deemed compelled and inadmissible in a criminal prosecution. In order for a court to determine whether a probationer is subject to a penalty situation, it must inquire whether his probation conditions merely required him to appear and give testimony about matters relevant to his probationary status or whether they went further by taking the extra, impermissible step of requiring him to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent. *United States v. Saechao*, 418 F.3d 1073, 1075, 2005 U.S. App. LEXIS 16902, *1

Standard Condition of Supervision 4 (*see* R. 109) compels Defendant insomuch as "You must answer truthfully the questions asked by your probation officer." (*see* R. 109, p.4). This means Defendant is compelled by every question a probation officer asks him. If Defendant lies, or otherwise refuses to answer a question Officer Jones asks him, he violates this condition of his supervised release. In *Saechao*, the Defendant probationer provided incriminating information to his probation officer in response to questions from that officer,…pursuant to a probation condition that requires him to "promptly and truthfully answer all reasonable inquiries from the officer or face revocation of his probation…". Id. 1075. The Ninth Circuit suppressed his statements, concluding that the state's requirement, that Defendant choose between admitting criminal conduct and jeopardizing his conditional liberty by remaining free, violated his Fifth Amendment right by compelling him to incriminate himself.

> The U.S. Const. amend. V privilege against self-incrimination is available outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves. *Miranda v. Ariz.*, 384 U.S. 436, 439, 86 S. Ct. 1602, 1609, 16 L. Ed. 2d 694, 704, 1966 U.S. LEXIS 2817, *1, 10 Ohio Misc. 9, 36 Ohio Op. 2d 237, 10 A.L.R.3d 974. At the outset, if a person in custody is to be subjected to interrogation, he must first be informed in clear and unequivocal terms that he has the right to remain silent. The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. The need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires. An individual need not make a pre-interrogation request for a lawyer. While such request affirmatively secures his right to have one, his failure to ask for a lawyer does not constitute a waiver. No effective waiver of the right to counsel during interrogation can be recognized unless specifically made after the warnings herein delineated have been given. *Miranda v. Ariz.*, 384 U.S. 436, 439, 86 S. Ct. 1602, 1609, 16 L. Ed. 2d 694, 704, 1966 U.S. LEXIS 2817, *1, 10 Ohio Misc. 9, 36 Ohio Op. 2d 237, 10 A.L.R.3d 974.
>
> An individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege that the United States Supreme Court has delineated. As with the warnings of the right to remain silent and that

anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. *Miranda v. Ariz.*, 384 U.S. 436, 439, 86 S. Ct. 1602, 1609, 16 L. Ed. 2d 694, 704, 1966 U.S. LEXIS 2817, *1, 10 Ohio Misc. 9, 36 Ohio Op. 2d 237, 10 A.L.R.3d 974.

Defendant's statements should be suppressed because Defendant was never advised of his right to counsel or the possible incriminating and damaging consequences of his alleged statements. *Massiah v. United States*, 377 U.S. 201 (1964); *Edwards v. Arizona*, 451 U.S. 477 (1981). *United States v. Davidson*, 1985 U.S. Dist. LEXIS 18511, *5, 1985 WL 6437. Defendant had a constitutional right to counsel that Defendant did not waive during this interview—an interview in which Defendant was told to remain in a federal building guarded by armed law enforcement. Defendant's alleged statements should be suppressed because Defendant had and still has a constitutional liberty interest and right to due process of the law.

> As a general rule, the Fifth Amendment speaks of compulsion. The United States Supreme Court has held that if an individual is subjected to a practice that denies him a free choice to admit, to deny, or to refuse to answer, then any statement he makes is considered involuntary and cannot be used in a criminal proceeding. In such cases, the Fifth Amendment is considered "self-executing," and an individual does not need to invoke it in order to have his admissions suppressed in an ensuing criminal prosecution. *United States v. Saechao*, 418 F.3d 1073, 1075, 2005 U.S. App. LEXIS 16902, *1.

> The Fifth Amendment proscribes the use in a separate criminal proceeding of a statement obtained pursuant to a probation condition that requires a probationer to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent. If, by virtue of its probation conditions, a state expressly or implicitly penalizes the exercise of the right to remain silent, then the probationer's answers to incriminating questions posed by his probation officer are deemed compelled and are inadmissible in ensuing criminal proceedings. *United States v. Saechao*, 418 F.3d 1073, 1075, 2005 U.S. App. LEXIS 16902, *1.

Although the Supreme Court in Murphy set forth the governing legal standard for a classic penalty situation, it ultimately found that Murphy's admission was not compelled under threat of penalty because of the particular nature of his probation conditions. The Supreme Court first found that Murphy's probation conditions did not actually require him to answer his

4

probation officer's inquiry. Id. at 437. The Court noted that Murphy's conditions required him only to "be truthful with his probation officers in all matters," and did not impose any affirmative obligation to respond to his probation officer's questions: "On its face, [the] probation condition proscribed only false statements; it said nothing about his freedom to decline to answer particular questions . . . ." Id. at 436, 437. In light of the limitations of Murphy's probation condition, and the state's subsequent insistence that "it would not, and legally could not," on the basis of a "be truthful" condition, "revoke probation for refusing to answer questions calling for information that would incriminate in separate criminal proceedings," the Court concluded that Murphy could not have been objectively or subjectively [**11] "deterred from claiming the privilege by a reasonably perceived threat of revocation." Id. at 438-39. Unlike in the case of Murphy, Saechao was compelled by threat of penalty to answer the probation officer's inquiry about firearms. The terms of Defendant's probation compelled him as he "must answer truthfully the questions asked by your probation officer." (*see* R. 109, p.4). *United States v. Saechao*, 418 F.3d 1073, 1078, 2005 U.S. App. LEXIS 16902, *10-11. Defendant's issue was, thus, categorically different from the "be truthful" condition in *Murphy*. *see Murphy*, 465 U.S. at 422; *United States v. Saechao*, 418 F.3d 1073, 1078, 2005 U.S. App. LEXIS 16902, *11.

Thus, if Defendant had invoked his 5th Amendment rights, he, too, would have violated the conditions of his release. Therefore, the District Court should suppress the alleged statements of Defendant on September 11, 2018. *see, United States v. Saechao*, 418 F.3d 1073, 1080-1081, 2005 U.S. App. LEXIS 16902, *18-19

**WHEREFORE**, for the foregoing reasons, Defendant, by counsel, respectfully moves this Court to suppress the statements allegedly made to Officer Jones on the day of September 11, 2018.

Respectfully Submitted,

Stella B. House, J.D.
Stella B. House, Attorney-at-Law, P.S.C.

By: /s/ Stella B. House, J.D.
Stella B. House, J.D.
Post Office Box 422
Manchester, Kentucky 40962
(606) 598-1485
COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned counsel electronically filed this document through the ECF system on September 18, 2018, which will send the notice of electronic filing to counsel of record.

                                    Respectfully Submitted,

                                    Stella B. House, J.D.
                                    Stella B. House, Attorney-at-Law, P.S.C.

By:    /s/ Stella B. House, J.D.
            Stella B. House, J.D.
            Post Office Box 422
            Manchester, Kentucky 40962
            (606) 598-1485
            COUNSEL FOR DEFENDANT