**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-5321

| | |
|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | **FILED** Nov 27, 2018 DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA, )
        Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
) THE EASTERN DISTRICT OF
DERIC LOSTUTTER, ) KENTUCKY
)
        Defendant-Appellant. )

O R D E R

Before: SILER, ROGERS, and COOK, Circuit Judges.

Deric Lostutter, a federal supervised releasee proceeding pro se, appeals the district court's denial of his motion to modify the conditions of his supervised release, filed pursuant to 18 U.S.C. § 3583(e). Lostutter moves this court to proceed in forma pauperis. The government has filed a motion to dismiss the appeal based on an appellate-waiver provision in Lostutter's plea agreement. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Lostutter was convicted of conspiracy to access a computer and obtain information, *see* 18 U.S.C. §§ 371 and 1030(a)(2)(C), (c)(2)(B)(ii), and of making a false statement, *see* 18 U.S.C. § 1001(a)(2). Lostutter and his co-conspirator acted together to hack into an individual's website and e-mail account, and then published threatening and defamatory content and private e-mails of the victim on the website.

In the plea agreement, Lostutter waived his right to appeal his guilty plea and conviction and "any determination made by the Court at sentencing with the sole exception that [he] may

appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing." The appeal-waiver provision also barred him from collaterally attacking his guilty plea, conviction, and sentence unless such attack was based on a claim of ineffective assistance of counsel. The district court accepted Lostutter's guilty plea and sentenced him to 24 months of imprisonment and 3 years of supervised release. In his appeal to this court, Lostutter challenged several special conditions of his supervised release. This court dismissed the appeal, finding that the appeal waiver in his plea agreement precluded his challenge to the supervised release conditions. *United States v. Lostutter*, No. 17-5337 (6th Cir. Jan. 23, 2018) (order).

Lostutter then returned to the district court and again sought to challenge the special conditions of his supervised release, this time through a pro se 18 U.S.C. § 3583(e) motion to modify or vacate the conditions of his supervised release. He challenged as unreasonable and unconstitutional the special conditions prohibiting him from using alcohol; engaging in employment in the information technology field; incurring new credit charges or opening additional lines of credit without approval from his probation officer, unless he is in compliance with the installment payment schedule; keeping any requested financial information from his probation officer; possessing or using a computer or any device with access to any "on-line computer service"; and communicating or attempting to communicate threatening, harassing, or intimidating messages, content, information, or other communication. Lostutter also argued that his attorney was ineffective for failing to object to these special conditions at sentencing. The district court denied the motion on the merits.

On appeal, Lostutter limits his challenge to the district court's rulings on four special conditions: (1) that he abstain from alcohol; (2) that he not engage in employment in the information technology field; (3) that he not possess or use a computer or any device with access to any "on-line computer service"; and (4) that he not communicate or attempt to communicate any threatening, harassing, or intimidating message, content, information, or other communication. Notably, Lostutter does not raise any claim of ineffective assistance of counsel in connection with his challenge to the supervised-release conditions. The government moves to

dismiss Lostutter's appeal, arguing that "the law-of-the-case doctrine precludes this Court from reconsidering its prior ruling that Lostutter waived the right to appeal the special conditions of his supervised release when he pleaded guilty and no exceptional circumstance warrants the Court's departure from that ruling."

In the order dismissing Lostutter's direct appeal, this court made clear that the appellate-waiver provision in Lostutter's plea agreement was valid and precluded his challenge to the special conditions of his supervised release. *See United States v. Ferguson*, 669 F.3d 756, 766 (6th Cir. 2012). In an effort to get around that ruling, Lostutter returned to the district court and filed a motion to modify the supervised release conditions. But Lostutter's motion and his appeal from the district court's ruling on it are effectively a collateral attack on his original sentence. Because Lostutter affirmatively waived his right to collaterally attack his sentence, his § 3583(e) motion falls within the scope of that waiver. *See United States v. Kuhn*, No. 11-6316 (6th Cir. Oct. 25, 2012) (order); *see also United States v. Wilson*, 707 F.3d 412, 415 & n.2 (3d Cir. 2013); *United States v. Scallon*, 683 F.3d 680, 683-84 (5th Cir. 2012) (per curiam); *United States v. Zielke*, 154 F. App'x 645, 646 (9th Cir. 2005); *cf. United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011); *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008) (per curiam).

Accordingly, Lostutter's motion to proceed in forma pauperis is **GRANTED** for the purposes of this review and the government's motion to dismiss the appeal is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk