**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 19-5370

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 27, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| DERIC LOSTUTTER, ) | KENTUCKY |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: CLAY, McKEAGUE, and KETHLEDGE, Circuit Judges.

Deric Lostutter appeals the judgment of the district court revoking his term of supervised release and sentencing him to 6 months of imprisonment and 30 months of supervised release. Lostutter's counsel has filed a motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Lostutter pleaded guilty to conspiracy to commit the felony crimes of accessing a computer and obtaining information, *see* 18 U.S.C. §§ 371, 1030(a)(2)(C), (c)(2)(B)(ii), and of making a false statement, *see* 18 U.S.C. § 1001(a)(2). (R. 109). The district court accepted Lostutter's guilty plea and sentenced him to 24 months of imprisonment and 3 years of supervised release. In his appeal to this Court, Lostutter challenged several special conditions of his supervised release. We dismissed the appeal, finding that the appeal waiver in his plea agreement precluded his challenge to the supervised-release conditions. *United States v. Lostutter*, No. 17-5337 (6th Cir. Jan. 23, 2018) (order).

No. 19-5370
- 2 -

Lostutter's period of supervised release commenced on September 11, 2018. On September 13, 2018, a United States Probation Officer submitted to the district court a Petition for Warrant or Summons for Offender Under Supervision, alleging that Lostutter had violated the terms of his supervised release by possessing a device with access to an internet service provider. Lostutter admitted the violation, but the district court did not revoke his supervised release. Instead, the court modified the terms of supervised release to include weekend confinement for four consecutive weekends and a requirement that any employer of Lostutter's allow review and monitoring by the United States Probation Office of any computer to which Lostutter has access.

On February 28, 2019, Lostutter's probation officer submitted a second Petition for Warrant or Summons for Offender Under Supervision, alleging that Lostutter had violated the terms of his supervised release by having unauthorized contact with a convicted felon and consuming alcohol. Lostutter had begun a romantic relationship with a co-worker who was a convicted felon and with whom he was permitted contact only in the employment setting. And, during a February 25, 2019 contact with a probation officer, Lostutter admitted to having consumed two beers on that date after a preliminary breath test revealed the presence of alcohol.

At the final revocation hearing, Lostutter admitted the violations. The district court revoked Lostutter's supervised release and sentenced him to 6 months of imprisonment and 30 months of supervised release.

Lostutter's attorney has filed an *Anders* brief and a motion to withdraw, stating that she examined the record and found no non-frivolous grounds for appeal. Nonetheless, counsel identifies one potential issue for appeal: whether the sentence imposed is reasonable. Lostutter was notified of his right to file a response to counsel's *Anders* brief but did not do so, and the deadline for filing a response has passed. Counsel has filed an adequate *Anders* brief and properly concludes that there are no issues present on the record that would support an appeal. *See Anders*, 386 U.S. at 744.

Federal Rule of Criminal Procedure 32.1(b) sets forth the procedures for revoking a defendant's supervised release. Unless waived by the defendant, the district court must hold a revocation hearing. Fed. R. Crim. P. 32.1(b)(2). The defendant is entitled to: (A) written notice

of the alleged violation; (B) disclosure of the evidence against the defendant; (C) the opportunity to appear, present evidence, and question adverse witnesses; (D) notice of the right to retain counsel or request appointment of counsel; and (E) an opportunity to make a statement and present mitigation evidence. Fed. R. Crim. P. 32.1(b)(2)(A)-(E). Lostutter was notified of the alleged violations, informed of the evidence supporting the violations, provided an adequate opportunity to appear at the hearing, appointed counsel, and provided an opportunity to offer a statement in mitigation. *See* Fed. R. Crim. P. 32.1(b)(2). On this record, there are no arguable issues arising from the district court's compliance with Rule 32.1(b)(2) or concerning the voluntariness of Lostutter's admission to the violation.

A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review for an abuse of discretion a district court judgment revoking supervised release, "giving fresh review to its legal conclusions, and clear-error review to its fact findings." *United States v. Kontrol*, 554 F.3d 1089, 1091–92 (6th Cir. 2009). Lostutter's admission to the violation satisfies this standard.

We review a sentence imposed on revocation of supervised release "'under a deferential abuse-of-discretion standard' for reasonableness." *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Reasonableness review has both a procedural and a substantive component. *See Gall*, 552 U.S. at 51. The district court commits a "significant procedural error" by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

> The § 3553(a) factors relevant to a supervised release revocation sentence include:
>
> the nature and circumstances of the offense and the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant appropriate treatment; the pertinent Guidelines or

> policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.

*United States v. Johnson*, 640 F.3d 195, 203 n.1 (6th Cir. 2011) (citing 18 U.S.C. §§ 3553(a), 3583(e)).  The district court is not required to explicitly refer to every § 3553(a) factor when imposing a sentence, but the record must contain sufficient evidence that the court considered them.  *Id.* at 203.  "Sentences are substantively unreasonable where 'the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor.'"  *United States v. Lumbard*, 706 F.3d 716, 727 (6th Cir. 2013) (quoting *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011)).  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51.  "A sentence that falls within a properly calculated guideline range is afforded a rebuttable presumption of reasonableness, and it is incumbent upon the defendant to demonstrate that his sentence is unreasonable."  *United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012) (quoting *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007)).

The district court properly calculated the applicable guidelines range.  The violations at issue constituted Grade C violations, *see* USSG § 7B1.1(a)(3), p.s., and Lostutter was originally sentenced under criminal history category I.  Thus, the corresponding guidelines range was 3 to 9 months of imprisonment.  USSG § 7B1.4(a), p.s.  There is no indication that the district court treated the guidelines as mandatory or relied on any erroneous facts.  And the record reflects that the court considered all of the relevant § 3553(a) factors, adequately explained the chosen sentence, and appropriately balanced those factors in imposing a within-guidelines sentence of 6 months' imprisonment.  *See Polihonki*, 543 F.3d at 324.  Thus, there is no basis for arguing that the sentence is procedurally unreasonable.

Nor is there a basis for challenging the substantive reasonableness of the sentence.  The district court went through each of the relevant § 3553(a) factors, noting that Lostutter's conduct was "a serious violation, especially when we consider the fact that the defendant has a history of just not wanting to follow conditions that are set for him."  The court highlighted Lostutter's

history of unsuccessfully challenging the conditions of his supervised release, that Lostutter had a lot of jobs but did not keep them for long, and that he was "a difficult person to get along with and obviously to supervise." The court acknowledged Lostutter's history of mental health issues, but found that it did not excuse his conduct and that he "tends to be kind of a con man." The court further explained that Lostutter's conduct, although "not the most serious offenses," showed "a pattern of disrespect and a pattern of refusal to comply with conditions imposed by the Court and instructions of the probation office." The court stated that it had considered a penalty short of incarceration, but concluded that it would not provide adequate deterrence. Finally, the court considered the need to provide Lostutter with corrective treatment, including mental health treatment, and the need to avoid unwanted sentencing disparities. In short, there is nothing in the record on which Lostutter could rely to overcome the presumption of reasonableness afforded to his within-guidelines sentence.

Accordingly, we **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk